UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DURDEN,

        Movant,

                                          File No. 1:05-cv-363

v.

                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION

This matter comes before the Court on Movant Carl Durden's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### I.

On August 22, 2002, Movant entered a plea of guilty pursuant to a written plea agreement to one count of felon in possession of a firearm in violation of 18 U.S.C. § 924(g). On December 20, 2002, movant was sentenced to 72 months imprisonment, 3 years of supervised release, $500 fine and $100.00 special assessment. Movant did not appeal his conviction or sentence.

On May 23, 2005, Movant filed this § 2255 motion.

### II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the

court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178

F.3d 778, 782 (6th Cir. 1999)).   Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks resentencing, raising a number of grounds for relief.  First, he argues that this Court improperly enhanced his sentence on the basis of the Court's finding that the gun he pleaded guilty to possessing was stolen. Movant contends that the enhancement of his sentence on the basis of a finding by the Court denied him his right to a trial by jury and due process.  Second, he asserts that he was entitled to a three-level reduction for acceptance of responsibility, which the court improperly denied, allegedly resulting in a sentence above the sentencing maximum, in violation of his right to a jury trial and due process.  Third, he asserts that his sentence violated *United States v. Booker*, 125 S. Ct. 738 (2005), which, he argues, should be applied retroactively to grant relief.

Because the issues raised by Movant are either procedurally barred or without merit, the motion will be denied.

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal.  *Frady*, 456 U.S. at 167-68; *Nagi v. United States*,

90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In the instant case, Movant did not appeal his conviction or sentence. He therefore has procedurally defaulted his claims. *Frady*, 456 U.S. at 167-68. As cause excusing his procedural default, Movant alleges attorney error at sentencing. Attorney error may constitute cause if the error amounts to ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Moreover, with respect to Movant's freestanding claim of ineffective assistance, the procedural default rule does not apply. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal, because the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

To make out a claim of ineffective assistance of counsel, Movant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Hanley*, 906 F.2d

-4-

1116, 1120-21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To establish a claim of ineffective assistance of counsel, Movant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Strickland*, 466 U.S. at 689.

Movant contends that his counsel at sentencing was ineffective because he failed to raise a Sixth Amendment challenge to the two-level sentencing enhancement imposed by the Court after finding that the weapon Movant possessed was stolen. He further asserts that counsel was ineffective in failing to obtain a three-level sentencing reduction for acceptance of responsibility. Movant argues that competent counsel would have challenged the sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 489 (emphasis added). Movant argues that the enhancement of his sentence for possessing a stolen weapon and the failure to reduce the sentence for acceptance of

responsibility both increased his sentence beyond the statutory maximum within the clear meaning of *Apprendi*. He contends that competent counsel would have challenged the sentence under *Apprendi*.

Movant's argument is wholly without merit. After *Apprendi*, the Sixth Circuit consistently held that *Apprendi* applies only where the judicial sentencing finding increases the penalty . . . beyond the prescribed statutory maximum and does not apply to the Guidelines. *See, e.g., United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002); *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 1991); *see also United States v. DeJohn*, 368 F.3d 533, 546 (6th Cir. 2004); *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *United States v. Solorio*, 337 F.3d 580, 597 (6th Cir. 2003). In other words, at the time of Movant's sentencing, the Sixth Circuit had squarely rejected Movant's argument that *Apprendi* barred judicial fact-finding at sentencing that would increase any sentencing guideline level. As a consequence, had the issue been raised at sentencing, the law of the Sixth Circuit would have prevented this Court from applying *Apprendi* to the federal sentencing guidelines. Counsel cannot be found constitutionally ineffective for failing to raise an argument that would have been futile at the time it was made. *See Maples v. Coyle*, 171 F.3d 408, 427 (1999).[1]

---

[1]This Court notes that counsel actually raised an objection to that portion of Movant's argument claiming that he was entitled to a three-level reduction for acceptance of responsibility. Counsel argued that Movant should receive the reduction, but the Court overruled that request. Therefore, counsel performed in precisely the manner Movant suggests he should have performed. Accordingly, this portion of the claim of ineffective assistance of counsel is factually unsupported. Further, nothing about the *Apprendi* decision suggests that it applies to a Court's refusal to grant a motion to reduce a sentencing guideline level. Instead, the conclusion of the Court was limited to holding that the defendant must admit or the jury find beyond a reasonable doubt, " 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum. *Apprendi*, 530 U.S. at 490. A refusal to decrease the sentencing level is simply not a finding of fact that increases a sentence level beyond the maximum.

Moreover, four years after the Supreme Court's decision in *Apprendi*, the Court addressed the application of *Apprendi* to the State of Washington's sentencing guidelines. *See Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The *Blakely* Court concluded that *Apprendi* barred the increase of a sentence under state sentencing guidelines on the basis of any factual finding not made by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 3537. Yet even after *Blakely*, the Sixth Circuit continues to hold that neither *Apprendi* nor *Blakely* applied to the federal sentencing guidelines, but instead applied only where the finding increases the penalty beyond the prescribed statutory maximum. *See United States v. Koch*, 383 F.3d 436, 440 (6th Cir. 2004) (*en banc*).

Further, the at the time of the sentencing hearing, both the Supreme Court and the Sixth Circuit had routinely rejected all constitutional challenges to the sentencing guidelines since their adoption. *See, e.g., Mistretta v. United States*, 488 U.S. 361, 412 (1989) (rejecting challenge to guidelines on nondelegation and separation-of-powers grounds); *Edwards v. United States*, 523 U.S. 511 (1998) (rejecting a Sixth Amendment challenge to judicial findings of fact); *Lawrence*, 308 F.3d at 634 (rejecting Sixth Amendment challenge under *Apprendi*). Counsel therefore had no reason to anticipate a change in the law that occurred in *United States v. Booker*, 125 S. Ct. 738 (2005) (applying *Blakely* and *Apprendi* to the sentencing guidelines).

Finally, the Sixth Circuit squarely has held that the Supreme Court's decision in *Booker*, 125 S. Ct. 738, and its earlier decision in *Blakely*, 542 U.S. 296, both constituted

-7-

"new rules" of criminal procedure, though they did not meet the requirements for retroactive application set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989). *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005). The Sixth Circuit's determination that the decisions were new rules strongly suggests that reasonable counsel could have been expected to anticipate the change.

Taken together, at the time of Movant's sentencing, competent counsel would have understood that any challenge to the sentence under *Apprendi* was not supported by either Sixth Circuit or Supreme Court precedent. Competent counsel would not have anticipated the Supreme Court's application of *Apprendi* to the sentencing guidelines. As a result, defense counsel's representation at sentencing, when evaluated from the perspective of case law existing at the time of sentencing, did not fall below an objective standard of reasonableness. *Strickland*, 466 U.S. at 689.

Accordingly, Movant's independent claim of ineffective assistance of counsel is without merit. In addition, because counsel's conduct was not constitutionally ineffective, it cannot serve as cause to excuse his procedural default of the remaining claims. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982). Because Movant has failed to meet the cause and prejudice standard, he is barred from raising his sentencing issues in this § 2255 proceeding.

**IV.**

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:   ___August 19, 2005_____          /s/ Robert Holmes Bell_____
                                                                    ROBERT HOLMES BELL
                                                                    CHIEF UNITED STATES DISTRICT JUDGE